# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANDREW REDICK,**

          **Plaintiff,**

    **v.**                                        **CASE NO. 19-3129-SAC**

**KVC BEHAVIORAL HEALTH, INC., et al.,**

          **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se. His fee status is pending[1].

## Nature of the Complaint

KVC Behavioral Healthcare, Inc. (KVC), is a private, non-profit Kansas corporation licensed by the Kansas Department of Children and Families as a child placement agency. Plaintiff complains that the defendants, KVC, its president, and three case coordinators, have failed to respect his rights as a noncustodial parent and his family's right to privacy and have failed to inform him of the status of his children. He seeks declaratory relief and damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

---

[1] By a notice of deficiency issued on July 15, 2019, the clerk of the court advised plaintiff that he must submit a certified financial statement to support his motion to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(2).

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's

decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The federal courts are courts of limited jurisdiction and may exercise jurisdiction only when they are authorized to do so. *Burdett v. Harrah's Kan. Casino Corp.*, 260 F.Supp.2d 1109, 1112 (D. Kan. 2003). The domestic relations exception to the federal courts' jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Johnson v. Rodriguez (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000)(quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). Accordingly, any claim by plaintiff that involves the custodial status of his children must be addressed in the state courts.

Next, KVC is a private corporation that contracts with the State of Kansas to provide child welfare services. The individual defendants are employed by KVC. To state a claim for relief under § 1983, a plaintiff must allege "the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(citation omitted).

A private entity can be treated as a state actor ("acting under color of state law") under certain circumstances. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The Tenth Circuit has used four different tests to determine if a private entity is subject to liability under § 1983 as a state actor: the nexus test, the symbiotic relationship test, the joint action test, and the public function test. *Id*. The nexus test requires a close connection between the government and the challenged conduct and generally makes the state liable for a private individual's conduct "only when [the State] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Schwab v. Kansas*, No. 16-CV-4033-DDC, 2017 WL 2831508, *14 (D. Kan. June 30, 2017)(quoting *Gallagher*, 49 F.3d at 1448). The symbiotic relationship test looks at whether the state "has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." *Id*. The joint action test requires the Court to "examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id*. Finally, the public function test determines whether the challenged action is "a function traditionally exclusively reserved to the State." *Id*.

Plaintiff's complaint fails to assert sufficient facts to state a plausible claim under § 1983 against any of the named defendants

under any of the tests. *See Schwab*, 2017 WL 2831508, *14.

Because the Court has no jurisdiction over questions of child custody, and because on the facts alleged, none of the defendants may be viewed as acting under color of state law, plaintiff's complaint is subject to dismissal. The Court will direct plaintiff to show cause why this complaint should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before August 23, 2019, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 24th day of July, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge