# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANDREW REDICK,**

                **Plaintiff,**

    v.                                         CASE NO. 19-3129-SAC

**KVC BEHAVIORAL HEALTHCARE, INC., et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. On July 24, 2019, the Court entered a Notice and Order to Show Cause (NOSC) to plaintiff directing him to show cause why this matter should not be dismissed. The NOSC pointed out that the named defendants are employees of a private, nonprofit corporation, and that to the extent plaintiff challenges aspects concerning the placement of his minor children, matters related to child custody ordinarily must be addressed in the state courts.

Plaintiff has filed three responses (Docs. 9, 12 and 16) and two motions for leave to amend (Docs. 11 and 19) as well as notices and declarations. The Court has reviewed the entire record, including the proposed amendments to the complaint, and concludes this matter must be dismissed.

### Discussion

As explained in the NOSC, plaintiff's claims concern the care of his children and communications with the non-profit agency that contracts with the State of Kansas. Under the domestic relations exception, "divorce, alimony, and child custody decrees" lie outside federal jurisdictional bounds. *Marshall v. Marshall*, 547 U.S. 293,

308 (2006)(internal quotation marks and citation omitted). *See also Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir. 1967)("Since the very early dicta [of] *In re Burns*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation.").

The materials submitted by the plaintiff in response to the NOSC conclusively show that he has had the opportunity to present his claims in the state courts and was represented by counsel. *See* Doc. 9, p. 2 ("This issue was addressed by the plaintiff, Mr. Redick, Wayne French attorney at law, plaintiff attorney, and by the presiding Judge on several occasions at court."); Doc. 11, p. 2 ("The courts have this on record that the plaintiff emotionally addressed the court, the attorneys addressed the defendants and even the judge addressed the problem….") and Doc. 21, pp. 2-5 (correspondence from the state district court declining to adopt a proposed order submitted pro se by the plaintiff). Plaintiff's claims concerning the status and care of his children were properly presented in the state court action, and plaintiff may not pursue a separate action in federal court.

Finally, because plaintiff appears to challenge a state-court decision, this matter is barred by the *Rooker-Feldman* doctrine, which bars the federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district[-]court proceedings commenced and inviting district[-]court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basis Indus. Corp.,* 544 U.S. 280, 284 (2005).

IT IS, THEREORE, BY THE COURT ORDERED this matter is dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED plaintiff's motions for leave to amend (Docs. 11 and 19) are denied.

**IT IS SO ORDERED.**

DATED:  This 17th day of March, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge